UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:14-CV-00006-R

BILLY C. MASH                                                                                                PETITIONER

v.

RANDY WHITE, Warden                                                                                RESPONDENT

## MEMORANDUM OPINION AND ORDER FOR EXPANSION OF RECORD

For the reasons below, the Court ORDERS that the Respondent expand the state court record to include a copy of the video trial proceedings.

### Petitioner's Due Process claims

One of Petitioner's claims (claim three) is that his Due Process rights were violated when the trial court erroneously permitted Detective Carter to testify as to the legal definition of "trafficking." According to the Kentucky Supreme Court, Detective Carter testified that trafficking has occurred if an individual possesses a controlled substance with the intent to "sell or [merely] transfer" it to another person. *Mash v. Commonwealth*, 2010 WL 1005903 at *6.

On direct appeal, the Kentucky Supreme Court held that the trial court's allowing this testimony was doubly erroneous: "Simply put, it is error to allow a witness, expert or otherwise, to testify as to the content of the law. In this case, the error was compounded by Detective Carter making not merely an improper statement of law, but an improper **mis** *(emphasis original)* statement of law." *Id.* The testimony was improper because "selling," unlike "transferring," requires an exchange of "consideration," and possession with intent to transfer (which is the only possibility supported by the facts in this case) is insufficient to support a trafficking conviction. See Kentucky Revised Statutes (KRS) 218A.010(42), (49), and (50). However, the Kentucky Supreme Court found the double error to be harmless. *Id.* at *7.

1

The Kentucky Supreme Court characterized the error and its review thereof as one of merely "non-constitutional evidentiary error." *Id.* However, it applied the standard of review in *Kotteakos v. United States*, 328 U.S. 750 (1946), which is the standard of review of <u>constitutional</u> evidentiary error. <u>See</u> *Brecht v. Abrahamson*, 507 U.S. 691 (1993) adopting *Kotteakos* as the standard of review, in federal habeas cases, of constitutional trial error.

In its response to the petition, Respondent argues (in the alternative) that any error did not rise to the level of a violation of the United States Constitution. Docket Number (DN) 14, pp. 16-18.

**Discussion**

The jury instructions stated that the jury was to convict Petitioner of trafficking if it found, among other things, that he "had the cocaine in his possession with the intent of selling or distributing it to another person," where "sell – means to dispose of a controlled substance to another person for payment or other consideration." Instruction Nos. 2 and 3, DN 14-4, pp. 3-4. The term "consideration" was not defined in the jury instructions, and the Court is unaware of any Kentucky precedent prior to this case in support of the proposition that an exchange of sex for drugs falls within the legal definition of "sell." Therefore, but for Carter's testimony, it appears that it would not have been self-evident to the jury that sex constitutes "other consideration." However, in light of Carter's testimony, any doubt in the jury's mind in this regard would have been resolved to Petitioner's detriment.

Because, at this juncture, Respondent has failed to convincingly prove that there was only a non-constitutional trial error, the Court will exercise its discretion to expand the record to conduct the review envisioned by *Kotteakos* and *Brecht*. Such review "requires a habeas court to review the **entire record** *(emphasis added)* de novo in determining whether [any] error influenced the jury's deliberations." *Brecht*, <u>supra</u>, at 640-641.

Respondent has not provided the Court with the entire trial record but only the jury instructions and briefs in connection with Petitioner's direct appeal and collateral attack motion pursuant to

Kentucky Rules of Criminal Procedure (RCr) 11.42. DN 16. Respondent states that there is no written transcript but only a video record in this case. DN 14, p. 2. The Court requires a copy of that video trial record to perform the required review.

### Other Issues

Initial review of the Kentucky Supreme Court opinion on direct appeal and the Respondent's response raises a number of issues not directly addressed by the parties. Both parties will be granted leave to file supplemental memoranda addressing the following issues:

1. Did the trial error of allowing the improper testimony rise to the level of a cognizable Due Process error because it "tilted the scales in favor of a guilty verdict" as contemplated by *Lundy v. Campbell*, 888 F.2d 467, 473 (6th Cir.1989)?

2. Did the improper testimony result in a "reasonable likelihood that the jury applied [or interpreted] the instruction in a way that relieved the State of its burden of proving every element of the crime beyond a reasonable doubt" as contemplated by *Waddington v. Sarausad*, 555 U.S. 179, 190-191 (2009)?

3. "By process of elimination," *Mash* "deduce[d]" that "[t]he improper admission of Detective Carter's legal opinion did not sway the verdict." *Mash* at *8. Was this "deduction" part of the state court's "adjudicat[ion] on the merits" as contemplated by 28 U.S.C. § 2254(d), or was it an independent "determination of a factual issue" as contemplated by Section 2254(e), or neither?

4. Section 2254(d) provides that, in reviewing a state court's adjudication on the merits, the federal habeas court must determine if whether that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law "as determined by the Supreme Court of the United States." Assuming Section 2254(d) is applicable, which United States Supreme Court case(s) are factually most analogous to the present situation in which the Court is

called upon to review a trial court's allowing the prosecution to introduce evidence that misinformed the jury with respect to the legal elements required for conviction?

5. Does a review of the trial record as a whole in this case indicate that the improper testimony likely weighed heavily on the jurors' minds during deliberations or was it merely a passing comment?

**Order**

Therefore, it is ordered that on or before August 23, 2014, Respondent shall expand the state court record to include the video record of Petitioner's trial.

It is further ordered that the parties may file supplemental memoranda of law addressing the issues raised in this Opinion and Order by August 23, 2014.